IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:08mc3429-MHT |
| | ) | |
| ABBOTT LABORATORIES, Inc., | ) | In re: Pharmaceutical Industry Average |
| | ) | Wholesale Price Litigation, MDL 1456 |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Abbott Laboratories, Inc. (Abbott) served FED.R.CIV.P. 45 subpoenas seeking from the State of Alabama and the Alabama Attorney General (the State) documents about the Attorney General's investigation of pharmaceutical pricing, "including, but not limited to, any report or memorandum prepared by Michael DeBow." The State of Alabama and the Alabama Attorney General are not parties to this MDL case presently pending in the United States District Court for the District of Massachusetts. The underlying case is a *qui tam* action proceeding solely under the False Claims Act, 31 U.S.C. §§ 3729-3733.

The State resists the subpoena, seeking an order quashing the subpoena as well as the entry of a protective order. The State contends that all of the documents sought are protected from disclosure by the attorney-client privilege, work product doctrine or the deliberative process privilege. The State has filed an amended privilege log pursuant to FED.R.CIV.P. 26(b)(5)(A)(ii) and has provided to the court for an *in camera* review all of the contested documents. The court has now carefully reviewed those documents and

concludes that all of the primary documents are privileged or protected from disclosure. However, the court further concludes that several attachments are not protected or privileged and must be disclosed pursuant to the subpoena.

The privilege and protection issues in this case are governed by FED. R. EVID. 501 under which "the privilege of a witness . . . shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law." *United States v. Zolin*, 491 U.S. 554, 562 (1989) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). Based on the theory that "sound legal advice or advocacy . . . depends upon the lawyer's being fully informed by the client," the privilege is designed "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn*, 449 U.S. at 389. Thus, the privilege protects the disclosures that a client makes to his attorney, in confidence, for the purpose of securing legal advice or assistance. *In re Grand Jury* (G.J. No. 87-03-A), 845 F.2d 896, 897 (11th Cir. 1988). However, the privilege is not all-inclusive and is, as a matter of law, construed narrowly so as not to exceed the means necessary to support the policy which it promotes. *Fisher v. United States*, 425 U.S. 391, 403 (1976).

Because the attorney-client privilege is inconsistent with the goal of discovering the

truth at trial and, therefore, "ought to be strictly confined within the narrowest possible limits consistent with the logic of its principle," *United States v. Pipkins*, 528 F.2d 559, 563 (5th Cir. 1976),[1] courts have been careful to define "communication" between attorney and client to include only those communications that the client intends as information regarding the "subject matter" of his problem. *See, e.g., Modern Woodmen of Am. v. Watkins*, 132 F.2d 352, 354 (5th Cir. 1942). Thus, courts must distinguish between underlying facts – facts existing independently of any communication between the attorney and client – and communications about those facts, extending the privilege to the latter but not the former. *See, e.g., Upjohn*, 449 U.S. at 395-96.

The attorney work product doctrine generally protects documents prepared by an attorney in anticipation of litigation. *See Hickman v. Taylor*, 329 U.S. 495, 509-10 (1947); FED.R.CIV.P. 26(b)(3). Factual attorney work product enjoys sweeping exemption protection because it is not "routinely" or "normally" discoverable through civil discovery but likewise requires a showing of "substantial need" and "undue hardship" by the party seeking discovery. *See F.T.C. v. Grolier Inc.*, 462 U.S. 19, 27-28 (1983).

The deliberative process privilege "covers documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated. . . ." *Dep't of Interior v. Klamath Water Users*

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Protective Ass'n*, 532 U.S. 1, 8 (2001) (internal quotes omitted). "The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance the quality of agency decisions . . . by protecting open and frank discussion among those who make them within the Government. . . ." *Id.* at 8-9 (internal quotes omitted). Two requirements must be met for the deliberative process privilege to apply. First, the material must be pre-decisional, i.e., "prepared in order to assist an agency decision maker in arriving at his decision." *Renegotiation Bd. v. Grumman Aircraft Engineering Corp.*, 421 U.S. 168, 184 (1975); *Nadler v. U.S. Dep't of Justice*, 955 F.2d 1479, 1490-91 (11th Cir. 1992) *abrogated on unrelated grounds, U.S. Dep't of Justice v. Landano*, 508 U.S. 165, 170 (1993). Second, it must be deliberative, "a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." *Nadler*, 955 F.2d at 1490-91. Even factual material contained in a "deliberative" document may be withheld pursuant to the privilege where disclosure of the factual material would reveal the deliberative process or where the factual material is so inextricably intertwined with the deliberative material that meaningful segregation is not possible. *Id.*, at 1490.

Of necessity, the court's discussion of the application of these principles to the documents listed in the privilege log must be brief; otherwise, the privileges and protections would be lost. As already noted, the court has carefully reviewed each of the

sixteen primary documents listed on the amended privilege log.  Each of those documents plainly is protected from disclosure by one or more of the privileges or protections afforded by either the attorney-client privilege, work product doctrine or the deliberative process privilege.  However, the court is constrained to reach a different conclusion with respect to some attachments[2] to those primary documents.

The description of Doc # 6 which is a legal research memo indicates that cases are attached to it.  The cases selected by counsel for discussion of a legal issue plainly can reveal the thoughts and mental impressions of counsel concerning how to approach a legal question.  The applicability of legal principles as illustrated in case law certainly reflects the nature of deliberative discussions.  These documents are not subject to disclosure.

Attached to Doc # 12 is a "memorandum from attorney Walter Cohen."  Mr. Cohen is not a lawyer for the State.  There is no analytical discussion of the Cohen memorandum in Doc # 12 or any of the primary documents.  And while it certainly may be true that the State lawyers reviewed and even considered this memorandum in their analysis and deliberations concerning the underlying legal questions, there is nothing in the memorandum itself which, except on the basis of rank speculation, would disclose their thinking, their impressions or the nature of their deliberations.  The Cohen memorandum[3]

---

[2]  Attached to Doc # 4 is a "copy of Montana complaint."  The State indicated to the court that this document has already been produced to Abbott; thus, the court's discussion of attachments does not include this document.

[3]  Footnote # 2 of the Cohen memorandum addresses an attachment to it.  The court's reference to
(continued...)

is not privileged or protected and must be disclosed in response to the subpoena.

This brings the court to consideration of the attachments to Doc # 14 which is a legal research memorandum from Slate and Kennedy to Pryor and Allen.[4]  As reflected in the privilege log the attachments concern cancer treatment drugs.  The primary document discusses and to some extent analyses the attachments.  While it frankly is a close call, after careful consideration the court concludes that these attachments are protected from disclosure.  The nature of the attachments when considered in the overall circumstances surrounding the drug pricing litigation could well reveal the mental impressions of the lawyers who were reviewing those documents.  Put another way, based on the court's review of the primary legal research memorandum, the court concludes that the attachments are inextricably intertwined with the memorandum and are protected from disclosure.  Accordingly, it is

ORDERED as follows:

1.  That with respect to the primary documents listed on the privilege log, the motion to quash and motion for protective order be and are hereby GRANTED.

2.  That with respect to the Cohen memorandum and the attachment to that memorandum, the motion to quash and motion for protective order be and are hereby

---

[3](...continued)
and discussion of the Cohen memorandum includes that attachment.

[4]  The amended privilege log incorrectly states that the memorandum is from Pryor and Allen to Slate and Kennedy.

6

DENIED.  The Cohen memorandum shall be disclosed to Abbott not later than 15 days from the date of this order.

3.  That with respect to all other attachments to the primary documents listed on the privilege log, the motion to quash and motion for protective order be and are hereby GRANTED.

Done this 13th day of March, 2009.


      /s/Charles S. Coody                 
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE